UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ROY TERRY SCOTT** | \* | **CIVIL ACTION NO. 12-0730** |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **CAROLYN COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | \* | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff Roy Terry Scott, pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. [doc. # 25]. The Commissioner does not oppose the fee request in principle, but interposes two objections: 1) the requested number of hours are excessive and/or not properly compensable under the EAJA; and 2) some of plaintiff's expenses are not recoverable. *See* Def. Response [doc. # 27]. As further detailed below, the court finds that the Commissioner's objections are well-taken. Accordingly, it is recommended that plaintiff's motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $5,790.00 (38.6 hours at $150.00 per hour) plus expenses of $46.05.

**I.   EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the

fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).

On February 12, 2013, the District Court entered judgment reversing and remanding this matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 24]). The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

II.     **Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated *"only to the extent necessary to ensure an adequate source of representation." Id.* (emphasis added).

In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and

Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment). In this case, the hourly rate requested by plaintiff comports with *Williams, supra*.

### III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Plaintiff's attorneys seek a fee award premised upon 41.6 hours or work. As aptly noticed by the Commissioner, however, 1.7 of those hours were for work performed at the administrative level, which is not compensable under the EAJA. *See* Detail Transaction Report [doc. # 25-1]; *Clifton v. Heckler*, 755 F.2d 1138, 1142 (5th Cir. 1985) (proceedings before the Social Security Administration are not adversary adjudications and are thus are not covered by the EAJA).

The Commissioner further contests the reasonableness of .4 hours that counsel seeks to recover for time that he spent talking to plaintiff's friend. (Detail Transaction Report [doc. # 25-1]). Indeed, plaintiff's counsel made no effort to establish the relevance of these conversations. The objection is sustained.

The Commissioner also challenges counsel's request to be compensated for .9 hours that he spent drafting and filing two motions for extensions of time. Review of the motions confirms that counsel sought the extensions for reasons extraneous to this case, and thus not reasonably

expended on behalf of the appeal. *See* doc. #s 9 & 11.

In addition to the modest reduction of hours specifically requested by the Commissioner and credited by the court, the Commissioner also suggests that it would not be inappropriate for the court to further reduce the number of hours because the issues raised on appeal were neither complex nor novel. (Response, pgs. 4-5). The court observes, however, that while this criticism probably may attach to a healthy number of counsel's other briefs to this court, it is not justified in this case. Accordingly, the court declines the Commissioner's invitation to further reduce the number of hours claimed by counsel.

### IV. Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized by the EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, plaintiff seeks to recover $71.04 for copying and postage expenses. The Commissioner contests $24.99 of those expenses because they precede the filing of the instant complaint. The court agrees, and will reduce the requested expenses accordingly.

### V. Check Payable to Plaintiff

Plaintiff's counsel contends that because plaintiff assigned her right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, this court consistently has held that the Commissioner should issue the check made payable to plaintiff, but deliver the check to plaintiff's counsel. *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, J.). The same result is compelled here.

VI.     **Recommendation**

For the reasons set forth above,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 25] be GRANTED IN PART, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Roy Terry Scott, for attorneys' fees in the amount of $5,790.00 (38.6 hours at $150.00 per hour) plus expenses of $46.05.

IT IS FURTHER RECOMMENDED that the motion [doc. # 25] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 17th day of May 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE